# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| NOE GARCIA, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Civil No.   10-1274-CV-W-FJG |
| | ) Crim. No.  08-00311-02-CR-W-FJG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Currently pending before the Court is the Government's Sur-Response to the Court's September 18, 2012 Order (Doc. # 36).

On July 24, 2012, the Court entered an Order granting in part and denying in part Movant's Motion to Vacate, Set Aside or Correct His Sentence (Doc. # 26). In the Order, the Court requested that the Government file a response addressing whether there was any reason the defendant should not be resentenced to a term of 120 months. On August 13, 2012, the Government filed its response, stating its agreement that the Defendant should be re-sentenced and that a sentence in the range of 120 months to 135 months would be appropriate. On August 20, 2012, the Court requested the parties indicate whether a sentencing hearing would be necessary. Counsel for petitioner responded that he would waive the hearing. The Government filed a response stating that based on the Court's August 20, 2012 Order, "the Government does not believe the court has jurisdiction to sentence Noe Garcia at this time." (Government's Response, p.1). The Government also requested a hearing on this

matter. On September 18, 2012, the Court requested that the Government file a more complete response, explaining in greater detail the Government's reasoning as to why the Court did not have jurisdiction to re-sentence Mr. Garcia.

The Government filed a response on September 28, 2012, stating that the Court did not have jurisdiction, because the Court had not yet issued a final order. The July 24, 2012 Order stated"[t]he Court will issue a final decision on [the issue of drug quantity] after reviewing the Government's response." (Doc. # 26, p. 10).

In the July 24, 2012 Order, Mr. Garcia argued that his counsel was ineffective for failing to object to his 135 month sentence because he should only have been sentenced to the least charged amount. The Government argued that Garcia was sentenced to a term that was contemplated by the plea agreement and the amount calculated by the PSR which held "Garcia responsible for the four undercover sales and nothing further." (Government's Suggestions in Opposition, pp. 10-11). However, in calculating the marijuana equivalency amounts, the Court discovered that the equivalency was only 1,423.64 kilograms, not 5,022.80 kilograms, as stated in the Presentence Investigation Report and in the Government's opposition. The Court noted that when the lower amount was used, Mr. Garcia's base offense level dropped to a 32, rather than a 34. If he were given the same benefit of a three level reduction, this lead to an offense level of 29, which when combined with his Level III criminal history category, produced a guideline range of 108-135 months. The Court noted that Mr. Garcia was subject to a ten year statutory minimum, so the least amount of time he could have been sentenced to would have been 120 months.

On August 13, 2012, the Government filed a response indicating its agreement

with the Court that based on information adduced at the plea and sentencing hearings, the defendant should be re-sentenced and a sentence in the range of 120 to 135 months would be appropriate.

Therefore, based upon the Court's previous discussion of the drug quantity issue and the Government's agreement on this point, the Court hereby concludes that Mr. Garcia's counsel was ineffective in not objecting to his sentence. The Government states that "this case is unusual in that both parties, as well as the United States Probation Office, erred in the drug quantity calculations utilized in the PSR. . . . The Government would not dispute that defense counsel had a duty to check the calculations in the PSR and file appropriate objections." (Government's Response, p. 8). The Court also finds that if counsel had objected to the drug equivalency calculations, there is a reasonable probability that the result would have been different. As discussed above, taking into account the previous three level reduction which the Court found defendant entitled to, Mr. Garcia could have received a sentence that was 15 months lower than the sentence that he actually received. Thus, the Court finds that Mr. Garcia has satisfied both prongs of the ineffective assistance of counsel test. The Court therefore **GRANTS** that portion of Mr. Garcia's 28 U.S.C. § 2255 motion which alleges that his counsel was ineffective for failing to object to his sentence based on the drug quantity attributed to him.

As previously stated in the Court's July 24, 2012 Order, the Court hereby **DENIES:** 1) Mr. Garcia's claims that his counsel was ineffective for failing to explain the true nature of the plea agreement offered by the Government; 2) Mr. Garcia's claim that

his counsel was ineffective for failing to object to the use of one of his prior convictions in his criminal history calculation; and 3) Mr. Garcia's request to re-open his case in light of the new affidavit from his brother.

Accordingly, for the reasons stated above, the Court **hereby GRANTS** in part and **DENIES** in part, petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. # 1).

Furthermore, movant will be denied a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." The Court finds that the issues raised by movant do not meet this criteria.

As Mr. Garcia prematurely filed a Notice of Appeal on August 20, 2012, the Court hereby directs the Clerk of the Court to transfer this Notice of Appeal to the Eighth Circuit for its consideration in light of this Order.

The Government requests that the Court delay the re-sentencing hearing until all appellate matters have been resolved. The Court agrees and finds that in order to avoid any unnecessary confusion, the re-sentencing will proceed after the Eighth Circuit has ruled on Mr. Garcia's appeal.

Date: <u>October 9, 2012</u>　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge